1

2

3

4

5

6

7            **UNITED STATES DISTRICT COURT**

8          **SOUTHERN DISTRICT OF CALIFORNIA**

9

10   WILLIAM CECIL THORNTON,                Civil No.    11cv1367 BEN (BLM)
     CDCR #V-64547
11                                          **ORDER:**
                              Plaintiff,
12                                          **(1)  GRANTING PLAINTIFF'S
                                            MOTION TO PROCEED *IN
13                                          FORMA PAUPERIS,* IMPOSING
                                            NO INITIAL PARTIAL FILING FEE
14          vs.                             AND GARNISHING BALANCE
                                            FROM PRISONER'S TRUST
15                                          ACCOUNT PURSUANT
                                            TO 28 U.S.C. § 1915(a)
16   EUKETA OLIVER, Public Defender,        [ECF No. 2]  AND
17
                                            (2)  DISMISSING ACTION
18                                          FOR FAILING TO STATE A
                              Defendant.    CLAIM PURSUANT
19                                          TO 28 U.S.C. §§ 1915(e)(2)(B)
                                            & 1915A(b)**
20

21

22

23                            **I.**

24                  **PROCEDURAL HISTORY**

25        On June 17, 2012, Plaintiff, a former state inmate, filed a civil rights action pursuant to

26   42 U.S.C. § 1983.  Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a);

27   instead, he submitted a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C.

28   § 1915(a) [ECF No. 2].

On July 18, 2011, this Court denied Plaintiff's Motion to Proceed IFP on the grounds that he had accumulated three "strikes" pursuant to 28 U.S.C. § 1915(g) and he was therefore barred from proceeding IFP in this matter. [ECF No. 3.] Plaintiff filed a Notice of Appeal to the Ninth Circuit Court of Appeals on August 24, 2011. [ECF No. 6.]

On September 26, 2011, the Ninth Circuit held that a district court could not count a previous dismissal as a "strike" pursuant to § 1915(g) "until the litigant has exhausted or waived his opportunity to appeal." *Silva v. DiVittorio,* 658 F.3d 1090, 1100 (9th Cir. 2011). Accordingly, the Ninth Circuit reversed this Court's ruling with regard to the finding that Plaintiff had three "strikes" pursuant to § 1915(g) because "none of [Plaintiff's] previous cases that the district court identified as strikes were final at the time the instant complaint was final." *Thornton v. Oliver*, No. 12-55296 (9th Cir. May 8, 2012.)   The Ninth Circuit reversed and remanded the matter to this Court to rule on Plaintiff's Motion to Proceed IFP but also noted that this "disposition is without prejudice to the district court's termination of this action on other appropriate grounds." *Id.*

## II.

### MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a).  An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  However, "[u]nlike other indigent litigants, prisoners proceeding IFP must pay the full amount of filing fees in civil actions and appeals pursuant to the PLRA [Prison Litigation Reform Act]." *Agyeman v. INS*, 296 F.3d 871, 886 (9th Cir. 2002).  As defined by the PLRA, a "prisoner" is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."  28 U.S.C. § 1915(h).  Thus, because Plaintiff is not currently a "prisoner" as defined by 28 U.S.C. § 1915(h), the filing fee provisions of 28 U.S.C. § 1915(b)

1  do not apply to him.

2  Accordingly, the Court has reviewed Plaintiff's affidavit of assets, just as it would for any

3  other non-prisoner litigant seeking IFP status, *see* S.D. CAL. CIVLR 3.2(d), finds it is sufficient

4  to show that Plaintiff is unable to pay the fees or post securities required to maintain this action,

5  and hereby **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) [ECF

6  No. 2].

7  ### III.

8  ### SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2)

9  Any complaint filed by a person proceeding IFP is subject to sua sponte dismissal by the

10  Court to the extent it contains claims which are "frivolous, malicious, fail to state a claim upon

11  which relief may be granted, or seek monetary relief from a defendant immune from such relief."

12  28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam)

13  (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez*

14  *v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits,

15  but requires a district court to dismiss an in forma pauperis complaint that fails to state a

16  claim."). "[W]hen determining whether a complaint states a claim, a court must accept as true

17  all allegations of material fact and must construe those facts in the light most favorable to the

18  plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *see also Barren v. Harrington*,

19  152 F.3d 1193, 1194 (9th Cir. 1998) (§ 1915(e)(2) "parallels the language of Federal Rule of

20  Civil Procedure 12(b)(6).").

21  Here, Plaintiff names as the only Defendant Euketa Oliver, the attorney who represented

22  him during his criminal proceedings.  However, a person "acts under color of state law [for

23  purposes of § 1983] only when exercising power 'possessed by virtue of state law and made

24  possible only because the wrongdoer is clothed with the authority of state law.'" *Polk Cnty. v.*

25  *Dodson*, 454 U.S. 312, 317-18 (1981) (quoting *United States v. Classic*, 313 U.S. 299, 326

26  (1941)).  Attorneys representing criminal defendants during trial and pretrial proceedings, do not

27  generally act under color of state law because representing a client "is essentially a private

28  function ... for which state office and authority are not needed." *Id.* at 319; *United States v. De*

*Gross*, 960 F.2d 1433, 1442 n.12 (9th Cir. 1992).  Thus, when counsel are performing as advocates, *i.e.*, meeting with clients, investigating possible defenses, presenting evidence at trial and arguing to the jury, they do not act under color of state law for section 1983 purposes.  *See Georgia v. McCollum*, 505 U.S. 42, 53 (1992); *Polk Cnty.*, 454 U.S. at 320-25; *Miranda v. Clark Cnty.*, 319 F.3d 465, 468 (9th Cir. 2003) (en banc) (finding that public defender was not a state actor subject to suit under § 1983 because, so long as he performs a traditional role of an attorney for a client, "his function," no matter how ineffective, is "to represent his client, not the interests of the state or county.").

Accordingly, Plaintiff's claims against Euketa Oliver must be dismissed for failing to state a claim upon which section 1983 relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Moreover, to the extent Plaintiff seeks damages under 42 U.S.C. § 1983 based on the alleged ineffective assistance of his trial counsel, his claim amounts to an attack on the validity of his underlying criminal proceedings, and as such, is not cognizable under 42 U.S.C. § 1983 unless and until he can show that conviction has already been invalidated.  *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Ramirez v. Galaza*, 334 F.3d 850, 855-56 (9th Cir. 2003) ("Absent such a showing, '[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under § 1983....'") (quoting *Heck*, 512 U.S. at 489), *cert. denied*, 124 S. Ct. 2388 (2004).  *Heck* holds that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87.  A claim challenging the legality of a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  *Id.* at 487; *Edwards v. Balisok*, 520 U.S. 641, 643 (1997).

///

///

///

In *Heck*, the Supreme Court held that:

> when a state prisoner seeks damages in a section 1983 suit, the district court must consider *whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence*; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.   But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed.

*Heck*, 512 U.S. at 487 (emphasis added).   An action that is barred by *Heck* should be dismissed for failure to state a claim without prejudice to Plaintiff's right to file a new action if he succeeds in invalidating his conviction.   *Edwards*, 520 U.S. at 649.

Here, Plaintiff's ineffective assistance of counsel claims against Oliver  "necessarily imply the invalidity" of his criminal proceedings and continuing incarceration.   *Heck*, 512 U.S. at 487.   Were Plaintiff to succeed in showing that Defendant rendered ineffective assistance of counsel, an award of damages would "necessarily imply the invalidity" of his conviction. *Id.*; *see also Strickland v. Washington*, 466 U.S. 668, 688 (1984) (to succeed on ineffective assistance claim petitioner must show that counsel's performance fell below objective standard of reasonableness and that but for counsel's errors the result of the trial would have been different); *Lozada v. Deeds*, 964 F.2d 956, 958-59 (9th Cir. 1992) (remedy for ineffective assistance of counsel is a conditional writ granting petitioner's release unless state retries him or allows him to pursue an appeal with the assistance of counsel within a reasonable time).

In his Complaint, Plaintiff claims that the Defendant Oliver was found to be ineffective by the "Superior Courts" in 2010.   *See* Compl. at 3.   A court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).   Here, this Court takes judicial notice of Plaintiff's Petition for Writ of Habeas Corpus he has filed in *Thornton v. Cate*, S.D. Cal. Civil Case No. 11cv0338 CAB (DHB).   A review of the filings in this matter indicates that Plaintiff is pursing ineffective assistance of counsel claims in this matter against Euketa Oliver and filings by Defendants indicate that the California Courts have previously rejected these claims by

1    Plaintiff.

2         Thus, because Plaintiff seeks damages for an allegedly unconstitutional criminal

3    proceedings in a  criminal case, and because his conviction has not already been invalidated, a

4    section 1983 claim for damages has not yet accrued.  *See Heck*, 512 U.S. at 489-90.

5    Accordingly, the Court finds that Plaintiff's entire Complaint must be dismissed sua sponte for

6    failing to state a claim upon which relief could be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

7                                              **IV.**

8                                **CONCLUSION AND ORDER**

9         Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

10        1.     Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) [ECF No. 2] is

11   **GRANTED**.

12        2.     Plaintiff's Complaint is **DISMISSED** for failing to state a claim pursuant to 28

13   U.S.C. § 1915(e)(2)(B).  Moreover, because the Court finds amendment of Plaintiff's claims

14   would be futile at this time, leave to amend is **DENIED.**  *See Cahill v. Liberty Mut. Ins. Co.*, 80

15   F.3d 336, 339 (9th Cir. 1996) (denial of a leave to amend is not an abuse of discretion where

16   further amendment would be futile); *see also Robinson v. Cal. Bd. of Prison Terms*, 997 F. Supp.

17   1303, 1308 (C.D. Cal. 1998) ("Since plaintiff has not, and cannot, state a claim containing an

18   arguable basis in law, this action should be dismissed without leave to amend; any amendment

19   would be futile.") (citing *Newland v. Dalton*, 81 F.3d 904, 907 (9th Cir. 1996)).

20        3.     Further, this Court **CERTIFIES** that any IFP appeal from this Order would not

21   be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3).  *See Coppedge v. United States*, 369

22   U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant

23   is permitted to proceed IFP on appeal only if appeal would not be frivolous).

24        4.     The Clerk of Court shall close the file.

25   DATED: July 16, 2012

26

27                                          _____
                                            Hon. Roger T. Benitez
28                                          United States District Judge